GRAY, *Adm'x, v.* SPALDING.

There is no common-law liability to support needy parents.
The statute empowering a town, that performs its duty of relieving such parents, to enforce the statutory liability of the children, does not authorize a volunteer to enforce it.

ASSUMPSIT. The court reserved the question whether the defendant could be held liable if the facts were that his mother stood in need of relief, the defendant, being of sufficient ability, neglected and refused to maintain her, the plaintiff's intestate supplied her with necessaries, and there was no actual request of the defendant to furnish them, and no understanding that they might be furnished on his credit, or that he would pay for them.

*Atherton*, for the plaintiff.

*Stevens & Parker*, for the defendant.

DOE, C. J. There is no common-law liability to support needy parents. From the natural duty of supporting them, a request to supply them with necessaries cannot be implied. *Lebanon* v. *Griffin*, 45 N. H. 558. Persons of sufficient ability are, by statute, liable to maintain their parents when standing in need of relief. But the statute empowering a town, that performs its duty of relieving such parents, to enforce the liability of the children, does not authorize a volunteer to enforce it. Gen. St., *c.* 74, *ss.* 1, 8, 9, 10. In the case supposed in the reserved question, the defendant would not be liable.

*Case discharged.*

STANLEY, J., did not sit.